# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Carlos Nobles ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case |
| ) | No:_____ |
| National Cement ) |         JURY DEMAND |
| Company of ) | |
| Alabama ) | |
| Incorporation and ) | |
| David Butts, ) | |
|     Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff and files this lawsuit alleging various causes of action against the Defendants, National Cement Company of Alabama and David Butts, as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., 29 U.S.C. § 7691, et seq., and 28 U.S.C. § 1367.

2. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended including having exhausted their administrative remedies.

3. All of the acts committed by Defendants occurred within the

1

Northern District of the State of Alabama.

**PARTIES**

4. Plaintiff, Carlos Nobles, is a resident of the State of Alabama. At all pertinent times, Plaintiff was an employee of National Cement Company of Alabama Incorporation.

5. Defendant, National Cement Company of Alabama Incorporation (NCCOA), offers concrete manufacturing services. The Company's line of business includes cement production and sales. NCCOA provides services to private companies and corporations in the United States and in the state of Alabama within this District. NCCOA, headquarters is in Ragland, AL with a registered agent address listed as 2000 Southbridge Parkway, Suite 620, Birmingham, Alabama, 35209. The alleged actions occurred in St. Clair County, Alabama.

6. Defendant David Butts became the direct supervisor over Carlos Nobles at some time in 2020 to the incidents complained of herein. David Butts is a "Caucasian-American" white man and a management official authorized and employed by NCCOA.

**ADMINISTRATIVE PROCEDURE**

7. Within 180 days of the occurrence of the acts of which Plaintiff complains, charges of employment discrimination and retaliation were filed with the

2

Equal Employment Opportunity Commission ("EEOC") by Plaintiff. See attached Plaintiff's Exhibit A.

8. On 15, 2022 the EEOC issued a "notice of Right to Sue to Plaintiff, entitling Plaintiff to institute a civil action in the appropriate Federal District Court within ninety (90) days of the date of receipt.

## STATEMENT OF RELEVANT FACTS

9. On or about January 5, 2014, Carlos Nobles began working at National Cement Company of Alabama Incorporation as a Heavy Equipment Operator and Laborer.

10. Carlos Nobles is an "African-American" black man.  He is a hardworking single widowed "father" who was, at all times relevant to this action, eager to start a successful, productive and rewarding career with National Cement Company of Alabama, Incorporation.  Mr. Nobles has been working with and employed by this company for several years.

11. In the year of 2020, David Butts became the direct supervisor over Carlos Nobles.  David Butts is a "Caucasian-American" white man.

12. Supervisor Butts has exhibited direct racist behavior or direct racially bias behavior towards Nobles which manifested as racially bias comments, language and various actions.

13. Nobles stated while driving a Bobcat (skid-steel loader model or similar) working that Supervisor Butts was rushing him and with his arms and hands

demonstrated an action in which he acted as if was cracking a "bull-whip" in the direction of Nobles. To be certain, Butts intentionally mimicked the motion of cracking a whip on the back of Plaintiff as if Plaintiff was enslaved under a system of chattel slavery.

14. At the time of impersonating a slave master, cracking a whip, Supervisor Butts commented that "I can not get any thing done because of you black guys."

15. Due to the comments made by Butts, Nobles interpreted the gesture as being demeaning, racially biased and serving as a demonstrative relic to the times of chattel slavery in which African Americans were forced to work without pay, subjected to beatings with whips for any reason or no reason at all and had no agency over any aspect of their lives including the bearing of children or with whom to marry.

16. Due to Butts actions and the lack of any corrective action by Defendant NCCOA, Nobles felt harassed. Likewise, the actions of Butts created a hostile work environment.  Supervisor Butts has and, at all times relevant, had a pattern and practice of routinely using racially discriminatory commentary and gestures.

17. Defendant NCCOA, due to its' actions of direct retaliation and condoning the actions of Butts, NCCOA contributed to and furthered the hostile work environment experienced by Plaintiff Nobles during his employ with the

4

Defendant NCCOA.

18. On or about November 18, 2020, Nobles based on his seniority applied for a Janitorial position and the Mobile Equipment Operator position with the Defendant. These were higher paying jobs than the position he held at the time of submitting his application.

19. Nobles was qualified for both positions and at the time Nobles was the most senior applicant from the top on the seniority roster.

20. Nobles had a good performance evaluation before Supervisor Butts became his direct supervisor.

21. Furthermore, Gabe St. John is a "Caucasian-American" white man. St. John was the second to the last man on the seniority roster and was less experienced than Nobles.

22. Even though he was less experienced and less qualified than Plaintiff, St. John was given preference for and ultimately hired to fill the Janitor position. At all times relevant St. John was and remains less qualified than Nobles for the concerned job position.

23. James Wells is a "Caucasian-American" white man. He was at the bottom of the seniority roster and otherwise less experienced and less qualified than Nobles.

24. Even though he was less experienced and less qualified than Plaintiff, St. Wells was given preference for and ultimately hired to fill the Wells the

Mobile Equipment Operator position. At all times relevant, Wells was and remains less qualified than Nobles.

25. Defendants failed to promote or hire Nobles due to his race and/or color as African American/Black. To be certain, Nobles was the most qualified and most experienced applicant for each of the job positions but was not promoted because he is an "African-American" black man.

26. The employees' contract with National Cement Company of Alabama, Incorporation dictates that all applications are considered in the order of the applicant's seniority.

27. Nobles maintains that he had seniority over the "Caucasian-American" white employees who were awarded the jobs instead of him.

28. On or about November 24, 2021, Nobles made management aware that he felt discriminated against when he complained to the Human Resource Manager "Jeff Golden".

29. Jeff Golden is a "Caucasian-American" white man. He is the Human Resource Manager.

30. Human Resource Manager Golden told Nobles that he was the only reason why he was still working there because he had hired him.

31. Nobles told Human Resource Manager Golden that he would like to have a meeting with Supervisor Butts and Golden to address the matter of Nobles not receiving at least the two referenced promotions and Butt's usage of

racially discriminatory gestures.

32. However, in response to submitting a complaint based on alleged discrimination (racial/hostile work environment/retaliation) and requesting a formal meeting, on or about November 30, 2021, Nobles was issued an three (3) day suspension.

33. To be certain, Nobles was retaliated against for making a complaint to the Human Resource Manager Golden about the discriminatory actions of Supervisor Butts which was causing a hostile work environment and harassment towards Nobles.

34. Nobles merely wanted a meeting to address the issues about the discrimination and was hopeful that this would cease the inappropriate actions of Supervisor Butts towards "African-Americans" at the workplace.

35. Although, Nobles assumed that the prior meeting with Human Resource Manager Golden went well.

36. However, within days of making the complaint Nobles was given a progressive discipline report for incidents occurring on November 13, 2021, and on November 19, 2021, but these issues were never addressed with him until after he made his complaint to the HR representative.

37. Nobles never received notice of any alleged infractions occurring as referenced on the report against him until after he made his complaint to management in the Human Resource Department of the Defendant National

Cement Company of Alabama, Incorporation.

38. On or about December 1, 2021, Nobles filed a grievance against the suspension of three (3) days.  Nobles stated in the grievance that he was subjected to racially bias treatment by Supervisor Butts that negatively impacted the terms and conditions of his employment with the Defendant NCCOA.

39. Eric Kay is a "Caucasian-American" white man.  He is an employee of Defendant National Cement of Alabama, Incorporation.

40. Eric Kay was alleged to have committed the same or similar acts for which Nobles was disciplined. However, Kay did not receive discipline for the same or similar offense for which Nobles was reprimanded, disciplined and suspended for three (3) days. Other "Caucasian-American" white employees has also engaged in the same or similar activities alleged against Nobles including working on their vehicles during working hours on a regular basis but were not cited or otherwise reprimanded by the Defendant.

41. National Cement of Alabama, Incorporation has no evidence to substantiate Nobles working on his truck for an extended period of time.  No video evidence was provided to prove this matter.

42. Nobles asserts the alleged write-ups on his discipline reports are false allegations, discriminatory, retaliatory and otherwise intended to suppress protected activity and deter him for asserting standing up for his right to be

8

free from racial discrimination in the workplace and to avoid the racially motivated demeaning behavior of Supervisor Butts.

43. Additionally, Nobles asserts that at all times relevant including at the times that the adverse actions (suspensions, written reprimands, and failure to promote) that the decision makers and management in the Human Resource Department at the National Cement of Alabama, Incorporation were all aware of his concerns and his previous protected activity.

44. On or about December 2, 2021, Human Resource Manager Jeff Golden and Plant Manager Pascal Lamontagne reviewed and put their names on Nobles' Progressive Discipline Record stating that this was his final warning for misrepresentation, and abuse of company of company work time. Similar actions will result in further discipline including termination. Nobles alleges each of the signatures represents an act of retaliation and discrimination (racial) against Nobles.

45. Finally, National Cement Company of Alabama, Incorporated was aware of the discrimination towards Nobles and played a significant role with continuing the discriminatory practice of injustice in the workplace towards him by failing to take any remedial action, failing to investigate and for its' actions to affirm the behavior as described herein.

46. Management was substantially involved with the retaliation towards Nobles that has caused him emotional distress from the actions of Supervisor David

Butts which thereby created a hostile work environment.

47. Nobles is afraid to speak up now and is otherwise less likely to make a report of discrimination in the workplace due to the actions of the Defendants. Nobles' self-esteem as an African American skilled laborer in the US labor market is diminished and his dignity tarnished as a result of the Defendants' actions and omissions because Defendants to date have effectively subjected the Plaintiff to lesser and inferior terms of employment based on his race and in retaliation for his actions in filing a complaint for racial discrimination against his supervisor and employer.

**GENERAL ALLEGATIONS TITLE VII
and SECTION 1981 DISCRIMINATION
AND RETALIATION
DEFENDANT NATIONAL CEMENT
COMPANY OF ALABAMA, Inc.
(NCCOA)**

48. Plaintiff reincorporates herein by reference, as if fully set forth, the allegations of ¶¶ 7-47 of the above Complaint.

49. Mr. Nobles alleges, because of his race and color, (African American/Black) the Defendant National Cement Company of Alabama, Inc., paid him lesser salary than it paid similarly situated Caucasian America/White employees/skilled laborers.

50. Mr. Nobles alleges that, because of his race and color, Defendant National Cement Company of Alabama, Inc., treated him differently in the terms

10

and conditions of his employment. Plaintiff also alleges that this differential treatment was in retaliation for Plaintiff's having filed complaints of racial discrimination with Defendant's HR management and the Equal Employment Opportunity Commission ("EEOC").

51. Mr. Nobles alleges that, because of his race and color and in retaliation for his having filed complaints Defendant's HR management and the EEOC, the Defendant NCCOA, (a) refused to promote/hire him for position for which he was more senior and more qualified than the Caucasian American/white applicants who received the promotion/new job position; (b) failed to pay him the same salary as his similarly situated Caucasian American/white co-workers; (c) refused to allow him to use his leave and determine his work schedule as it allowed his similarly situated Caucasian American/white co-workers; (d) admonished, punished, and/or reprimanded him for behavior that his similarly situated Caucasian American/white co-workers had regularly undertaken without any recourse, no admonishment or any other adverse action;

52. Mr. Nobles' supervisor, with the knowledge and assistance of the Human Resources manager retaliated against him for submitting complaints of discrimination and for filing an EEO claim.

53. Mr. Nobles' supervisor sought out other employees to assist him in his effort to gather information to discipline, pretextually deny Plaintiff's

request for leave, his application for promotion, and his application for other jobs; and to ultimately find a pretextual basis to terminate Mr. Nobles all occurring after he submitted allegations of racial discrimination. Said behavior is ongoing and has continued and worsened since the Plaintiff's filing of an EEO claim. Butts behavior as ratified by the Defendant employer included communicating false narratives regarding Plaintiff's work ethic, his diligence and integrity as a skill laborer and also included a post-hac review of Plaintiff's work to identify alleged errors or indiscretions as a pretext for discipline.

54. Plaintiff, has undergone and continues to undergo substantial pain and suffering, embarrassment, loss of reputation, and other considerable mental anguish because of the Defendant's (NCCOA) violations of Title VII and 1981.

## COUNT II
### SECTION 1981 and TITLE VII FAILURE TO PROMOTE and PRETEXTUAL THREE (3) DAY SUSPENSION
### DEFENDANTS DAVID BUTTS

55. Plaintiff reincorporates herein by reference, as if fully set forth, the allegations of ¶¶ 7-47 of the above Complaint.

56. Mr. Nobles alleges that, because of her race and color, David Butts recommended to the NCCOA that he be paid a lesser salary than similarly situated Caucasian/white employees/skilled laborer employed by NCCOA.

57. Mr. Nobles alleges that, because of her race and color, David Butts recommended to the NCCOA that he be paid a lesser salary than similarly situated Caucasian/white employees/skilled laborer employed by NCCOA.

58. Mr. Nobles alleges that, because of her race and color, David Butts failed to recommend to the NCCOA that he be promoted, given a raise or selected for positions with better pay or more flexibility.

59. Plaintiff has suffered substantial pain and suffering, embarrassment, anxiety, damage to his reputation, and other mental anguish as a result of the unlawful conduct of David Butts.

60. David Buts' actions toward Mr. Nobles was in total disregard for his federally protected rights.

### Prayer for Relief

WHEREFORE, the premises considered, Plaintiff respectfully prays that the Court will grant the following relief:

1. At the conclusion of a trial by jury, and based on the jury's verdict,

    a. Declare that the conduct of the Defendant National Cement Company of Alabama, Inc., violated Title VII and Section 1981:

    a. Permanently enjoin the National Cement Company of Alabama, Inc. its agents, employees, successors, and those in active concert or participation with it, from discriminating against Plaintiff because of

13

his race/color and/or in retaliation for her complaints of prohibited discrimination;

b. Award compensatory damages to Plaintiff and against the National Cement Company of Alabama, Inc. for the embarrassment, humiliation, ridicule, disparagement, and other mental anguish she has suffered:

f. Declare that the actions of Defendant David Butts violated 42 U.S. C. § 1981;

g. Award compensatory damages to the Plaintiff and against Defendant David Butts and Defendant National Cement Company of Alabama, Inc., in the amount fixed by the jury;

h. Award punitive damages against the Defendant David Butts for his conduct in knowing disregard of Plaintiff's federally protected rights, and

2. Award a reasonable attorney's fee, pursuant to Title VII and 42 U.S. C. § 1988; and

3. Award Plaintiff his costs incurred in this litigation.

4. Plaintiff prays for such other, further, and different relief as may be appropriate.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

14

   */s/Richard A. Rice*
Richard A. Rice
THE RICE FIRM, LLC
ASB-8387-I66R
North 115 Richard Arrington Jr. Blvd,
Birmingham, AL 35203
Rrice@rice-lawfirm.com
205-618-8733

   *s/Roderick Van Daniel*
Roderick Van Daniel
Attorney at Law & Counselor at Law
The Roderick Van Daniel Law Firm, LLC
3003 13th Avenue South Suite 19
Birmingham, Alabama 35205
(205) 317 - 9321
roddaniel205@gmail.com

DEFENDANTS MAYBE SERVED VIA CERTIFIED MAIL BY THE CLERK OF THIS COURT AS LISTED BELOW

Defendant National Cement Company of Alabama, Inc.,
2000 SOUTHBRIDGE PKWY STE 620
BIRMINGHAM, AL 35209
ATTN: SPENCER WEITMAN

Defendant David Butts
80 Cement Drive,
Ragland, AL 35131